# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BANK OF AMERICA, N.A.,

    Plaintiff,

v.

PEPPERTREE HOMEOWNERS ASSOCIATION and TOW PROPERTIES, LLC IV,

    Defendants.

Case No. 2:17-cv-01857-KJD-GWF

**ORDER**

Presently before the Court is Defendant Tow Properties, LLC IV's Motion to Dismiss Complaint (#10). Plaintiff filed a response (#12) to which Defendant Tow Properties, LLC IV replied (#13). Also before the Court is Defendant Peppertree Homeowners Association's Motion to Dismiss with Prejudice (#14). Plaintiff filed a response (#16).

**I. Background**

This case emerges from Peppertree Homeowners Association's November 20, 2013 non-judicial foreclosure sale of the property located at 729 Nectarine Court, Henderson, Nevada 89014 ("the Property"). Both motions presently before the Court center in whole or in part around the question of what notice of default Peppertree Homeowners Association was required to provide Plaintiff prior to its foreclosure sale on the Property. This case shares a similar fact pattern with many cases currently pending before this Court. In the words of Defendant Peppertree Homeowners

Association, it is "one of the hundreds of Homeowners Association lawsuits filed in this District following the Nevada Supreme Court's decision in SFR Investments Pool 1 LLC, v. U.S. Bank, 334 P.3d 408 (Nev. 2014) where the Nevada Supreme Court held that 'NRS 116.3116(2) gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust.'" However, after the Nevada Supreme Court's decision in SFR Investments Pool 1 LLC v. U.S. Bank, the Ninth Circuit decided Bourne Valley Court Trust v. Wells Fargo Bank, NA, 832 F.3d 1154, 1160 (9th Cir. 2016), holding NRS 115.3116(2)'s statutory notice scheme was facially unconstitutional. In light of Bourne Valley, what notice an HOA must provide prior to foreclosing on a superpriority lien remains uncertain.

**II. Analysis**

A. Certified Question

On April 21, 2017, in Bank of New York Mellon v. Star Hills Homeowners Association, this Court certified the following question to the Nevada Supreme Court: "Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 requires homeowners associations to provide notices of default to banks even when a bank does not request notice?" Bank of New York Mellon v. Star Hill Homeowners Assoc., 2017 WL 1439671, at *5 (D. Nev. April 21, 2017).

In granting certification, the Court reasoned the following: In Bourne Valley, the Ninth Circuit definitively answered the question that the statute's "opt-in" framework was unconstitutional. Bourne Valley Court Trust v. Wells Fargo Bank, NA, 832 F.3d 1154, 1160 (9th Cir. 2016). However, that leaves this Court with the unresolved question of what notice must be provided. "It is solely within the province of the state courts to authoritatively construe state legislation." Cal. Teachers Ass'n v. State Bd. of Educ., 271 F.3d 1141, 1146 (9th Cir. 2001). As such, state law questions of first impression like this one should be resolved by the state's highest court. See Huddleston v. Dwyer, 322 U.S. 232, 237 (1944). Allowing the Nevada Supreme Court to answer this question

before considering any other motions will provide this Court the necessary guidance as to how to handle the issues of notice and actual notice in light of Bourne Valley.

In Bank of New York Mellon, the Court did not and could not rely upon any controlling state law as to the requirements of notice. This Court faces the same predicament here. An answer to the above already certified question will provide much needed clarity, and may be dispositive of many of the issues currently before the Court in this case.

B. *Sua Sponte* Stay of the Case

The pending motions to dismiss in this case implicate the previously certified question regarding what notice state law requires. To save the parties from the need to invest further resources into the issues surrounding the notice requirement, the Court *sua sponte* stays all proceedings in this case and denies all pending motions without prejudice.

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources. Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936); Dependable Highway Exp., Inc., v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). When determining whether a stay is appropriate pending the resolution of another case — often called a "Landis stay" — the district court must weigh: (1) the possible damage that may result from a stay; (2) any "hardship or inequity" that a party may suffer if required to go forward; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender. Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005). Weighing these considerations, the Court finds that a Landis stay is appropriate.

**1. Damage from a stay**

The only potential damage that may result from a stay is that the parties will have to wait longer for resolution of this case and any motions that they have filed or intend to file in the future. But a delay would also result from any rebriefing or supplemental briefing that may be

necessitated pending the Nevada Supreme Court's answer to the certified question. It is not clear that a stay will ultimately lengthen the life of this case.

Additionally, a stay of this case pending resolution of the certified question is expected to be reasonably short. This Court certified the question approximately nine months ago, and briefing on the pending petition in Nevada's Supreme Court is completed. Because the length of this stay is directly tied to the petition proceedings in that case, it is reasonably brief, and not indefinite. Thus, the Court finds only minimal possible damage that this stay may cause.

**2. Hardship and inequity**

Both parties equally face hardship or inequity if the Court resolves the claims or issues before the certified question has been resolved. And in the interim both parties stand to benefit from a stay, regardless of the outcome of the question. A stay will prevent any additional, unnecessary briefing and premature expenditures of time, attorney's fees, and resources.

**3. Orderly course of justice**

A focal point of this case is the question of what notice is now required under NRS Chapter 116 in light of the Ninth Circuit decision Bourne Valley. The jurisprudence in this area of unique Nevada law continues to evolve, causing parties in the scores of foreclosure-challenge actions to file new motions or supplement the ones that they already have pending, resulting in "docket-clogging entries and an impossible-to-follow chain of briefs in which arguments are abandoned and replaced." Nationstar Mortg., LLC v. Springs at Spanish Trail Assoc., 2017 WL 752775, at *2 (D. Nev. Feb. 27, 2017). Staying this case pending the Nevada Supreme Court's disposition of the certified question in Bank of New York Mellon will permit the parties to evaluate, and the Court to consider, viability of the claims under the most complete precedent. This will simplify and streamline the proceedings and promote the efficient use of the parties' and the Court's resources.

Therefore, the Court orders this action stayed. Once the Nevada Supreme Court has resolved the question certified in <u>Bank of New York Mellon</u>, either party may move to lift the stay.

**III. Conclusion**

Accordingly, IT IS HEREBY ORDERED that Defendant Tow Properties, LLC IV's Motion to Dismiss Complaint (#10) is **DENIED**;

IT IS FURTHER ORDERED that Defendant Peppertree Homeowners Association's Motion to Dismiss with Prejudice (#14) is **DENIED**;

IT IS FURTHER ORDERED that all pending motions are **DENIED without prejudice**;

IT IS FURTHER ORDERED that this action is **STAYED**.

DATED this 31st day of January, 2018.

_____
Kent J. Dawson
United States District Judge